### PITTS v. OKLAHOMA CITY SCHOOL DIST. et al.

No. 22008. Opinion Filed April 25, 1933.

Rehearing Denied June 6, 1933.

Cornell & Cornell, for plaintiff in error.

W. C. Lukenbill and V. E. McInnis, for defendants in error.

ANDREWS, J. The plaintiff in error, as the plaintiff, brought an action against the defendants in error, as the defendants, to recover one acre of land, damages in the sum of $1,000 for withholding the possession thereof, and rents and profits in the sum of $500. Each of the defendants demurred to the plaintiff's petition on the ground that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against him. Those several demurrers were sustained by the trial court. The plaintiff elected to stand on his petition and appealed to this court by transcript.

The issues involved require a construction of a provision of a quitclaim deed made under date of January 7, 1892, for a recited consideration of $30, by Frank D. Smith and Lottie B. Smith, husband and wife, to O. H. Hill, in trust, for the use of school district No. 4, in township 12 N., R. 3, W. I. M., as follows:

"One acre of land in square form off the S. E. corner of the southeast quarter of sec. 23 in township 12 N., range 3, W. I. M. The above conveyance is subject to the following conditions, to wit, that if at any time hereafter said one acre of land should be abandoned or not used for school purposes, then the title of the same is to revert to and become vested in the owner of the title of said southeast quarter of sec. 23 of twp. 12 R. 3, W. I. M."

—the execution and delivery of which was alleged in the petition. The habendum clause in the deed was to O. H. Hill in trust for said school district and to his successors in office.

Upon the execution and delivery of that

deed, the legal title to the land passed to O. H. Hill and his successors in trust, in trust for said school district, subject to reversion as provided in the reversionary clause, if the reversionary clause is valid — a question not herein determined. In his petition the plaintiff alleged that he was the owner of the legal and equitable estate in the land. That allegation was an allegation of a conclusion which was negatived by affirmative allegations contained in the petition. There is no allegation of fact in the petition from which the trial court could, or from which this court can, determine that the legal title to the land involved in this action passed from O. H. Hill to anyone. It was not alleged therein that he conveyed the land, and it was not alleged therein that the school district conveyed the land. The theory of the plaintiff, as expressed in his petition, is that when he acquired the legal title to certain of the lots into which the remainder of the southeast quarter of section 23 had been platted, and the school district ceased to use the school site for school purposes, he became the owner of the school site. It was upon that theory that he alleged ownership thereof. He alleged in his petition that he was not in possession of the property, but he contended therein that he was entitled to the immediate possession thereof because of his ownership thereof. His entire case is based on his contention that he is the owner. He says that it is the policy of our law that every tract of land in Oklahoma shall have an owner. We agree with that contention. The holder of the naked legal title in this case is O. H. Hill, or his successors in trust. He will hold that title until the same is transferred by some operation of law. There is nothing in the petition from which this court can conclude that the title to the land has been transferred to the plaintiff. The trial court did not err in sustaining the several demurrers of the defendants herein.

We are not considering a case wherein an action is brought against a holder of a legal title for the purpose of having reversion declared. Neither O. H. Hill nor his successors in trust were parties to this action. Nor are we considering a case wherein the action is to declare a trust in real estate, for the holder of the legal title is not a party hereto.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL OSBORN, BAYLESS, and BUSBY, JJ., concur. SWINDALL and WELCH, JJ., absent.