Margueritte SPEAKER, Plaintiff in Error,

v.

The BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, Oklahoma, Defendant in Error.

No. 37346.

Supreme Court of Oklahoma.

April 30, 1957.

Rehearing Denied June 11, 1957.

Merson & Campbell, Clay M. Roper, Oklahoma City, for plaintiff in error.

James W. (Bill) Berry, County Atty. of Oklahoma County, M. M. Thomas, Asst. County Atty., Shapard & McConnell, Oklahoma City, of counsel, for defendant in error.

BLACKBIRD, Justice.

This appeal involves efforts to incorporate a certain area of Oklahoma County as a town to be known as: "Valley Brook."

The procedure prescribed by statute for such an incorporation contemplates that it be accomplished only after the majority of qualified voters of the territory to be incorporated, have approved it at an election, or "meeting" called by the Board of County Commissioners. See Tit. 11 O.S. 1951, § 971 et seq. The cited law provides, among other things, that, in order to obtain the Board's calling of such an election, the applicants, or proponents of the incorporation, shall file their petition with the Board, verified by affidavits, and subscribed by themselves and not less than one-third of the qualified voters of the territory, setting forth the boundaries, quantity of land and resident population of the territory, according to a map, survey, and census which the law provides that the applicants shall have caused to be made. The cited law further provides that the application shall be presented to the Board at the time indicated in the notice thereof, "or as soon thereafter as the board can receive and consider" same. Sec. 975 of said law sets forth the procedure to be followed by the Board in hearing the application, and specifically provides that said body shall require proof that the afore-

said survey, map, and census were subject to examination by interested persons, for the period and in the manner prescribed in a previous section of said law. Said section, and those following it, further provide, among other things, that if the Board is satisfied that the requirements of the law have been fully complied with, "they shall * * * make an order" declaring "the territory shall become an incorporated town" if assented to by a majority of its qualified voters at the proposed election to be held "on some day within one month therefrom, *to determine whether such territory shall be an incorporated town."*

In the instance of the application to the Board to order the election, or "meeting" here involved, the petition therefor was filed with said Board on March 1st, 1956. At the hearing held on said application, March 5th, it was attacked and protested. Whereupon, the Board referred the petition, map, and survey to the County Attorney and County Engineer for investigation as to sufficiency and validity, and continued the hearing until March 19th, 1956. At its further hearing on the latter date, the Board further continued the matter until March 26th. Before the latter date, the plaintiff in error, referred to hereafter as plaintiff, instituted the present action in the District Court to enjoin the Board of County Commissioners, hereinafter referred to as defendant, from calling the election, or "meeting" above-described. By a judgment thereafter entered on April 12, 1956, said court sustained the defendant Board's demurrer to plaintiff's petition, on the ground that it had no jurisdiction to enjoin the Board from calling the election.

In her present appeal from said judgment, plaintiff contends that it was error, because her petition did allege facts sufficient to constitute a cause of action, over which the Court did have jurisdiction, and entitling her to the injunctive relief she prayed for. In its brief, defendant represents that after the trial court's refusal to enjoin the Board, the latter ordered the election or "meeting" sought; and thereat the voters, of the territory involved, approved the proposed incorporation. On the basis of this alleged situation, defendant argues that the issue, herein presented, of the district court's jurisdiction to enjoin the Board from calling the election, has been rendered "moot". We will defer consideration of this argument and plaintiff's rebuttal that nothing which occurred after April 12th, 1956, the date of the judgment herein appealed from, can herein be considered, for if the trial court's judgment denying jurisdiction is affirmed on the ground of the insufficiency of the petition to invoke its jurisdiction, it will be unnecessary to consider other arguments advanced in support of it.

From the aforesaid reference to Tit. 11, sec. 971 et seq., supra, it will be observed that, with reference to a territory sought to be incorporated as a town, it is the voters of the territory, rather than the Board of County Commissioners, who determine for themselves, whether or not the territory shall be so incorporated; and that said statute designates said Board as the administrative agency to call the election, or "meeting", for the purpose of affording said voters the opportunity of making such determination. It will also be observed that said law provides for a hearing before said Board to determine whether or not such "meeting" shall be called, and further provides for the giving of notice of said hearing. Thus it will be seen that, by the provisions of said law, opportunity is given those wishing to protest the calling of such election, to appear at the hearing *before the Board,* and do so, and to challenge (for the purpose of obtaining the Board's rejection of the application for the calling of such election) the sufficiency, to meet the statute's requirements, of the matters and things done, and presented in making the application—just as, apparently, some parties did concerning the "Valley Brook" application. But plaintiff did not wait for the Board to render its decision as to whether the statutory requirements for such an application had been complied with. Instead,

she instituted the present court action to prevent the Board from acting.

It is a well established principle of law that where an administrative agency is vested with the exclusive authority to determine a matter, the courts will not "step in", and interfere with, or prevent, its making that determination, nor will they assume jurisdiction of the matter, until the complainant's administrative remedy has been exhausted. See Sanders v. Oklahoma Employment Sec. Comm., 200 Okl. 366, 195 P.2d 272; Oklahoma Public Welfare Comm. v. State, 187 Okl. 654, 105 P.2d 547, 130 A.L.R. 873; 73 C.J.S. Public Administrative Bodies and Procedure §§ 41, 45. As said, preceding Note 35 on page 351 of the latter Work: "Where an administrative remedy is provided by statute, relief ordinarily must not only be sought initially from the appropriate administrative agency but such remedy usually must be exhausted before a litigant may resort to the courts; * * *". And, as said preceding Notes 42 and 44 on page 361 of the same Work:

"Where an administrative agency has primary jurisdiction of the question in issue, the courts ordinarily will not grant injunctive relief prior to a decision by the agency.

"* * * The extraordinary relief of an injunction should be withheld until the appropriate agency has been given an opportunity to pass on the issue."

In the Oklahoma Public Welfare Commission case, supra, this court discussed some of the reasons for the rule. Those, and others, appear on page 353 of the cited reference Work, where the rule is characterized as "a wholesome one and an aid to the proper administration of justice." It is further said: "One of the important reasons for requiring exhaustion of administrative remedies is to prevent the transfer to courts of duties imposed by law on administrative agencies." It is also said that it "was intended as a simple rule of orderly procedure." It is there indi-

cated that it was designed to allow administrative bodies to perform their statutory functions without the premature and unnecessary interference of preliminary court litigation.

Plaintiff's brief points to nothing in the petition she filed in the trial court that is the equivalent of an allegation that she appeared at any of the hearings before the defendant Board, or that she, in any manner, applied to it to deny the application for the calling of the election. On the other hand, her court petition specifically showed that the matter was then pending before said Board, and that said Board had not yet rendered its decision, though it had announced that, unless it was enjoined by a court, it would, at a later date, do so, and enter an order finding the application sufficient and calling the election. Plaintiff argues that the latter circumstance showing the futility of appearing before the Board against the calling of the election, added to the fact that the statutes provide no procedure for judicial review of the Board's order, entitled her to invoke court jurisdiction, without appearing before, or seeking any relief from, the Board. There may be authorities that would support such an argument, if plaintiff's petition showed that she would suffer irreparable injury if the court refused to entertain jurisdiction at that stage of the Board's proceedings (In this connection, notice 73 C.J.S. Public Administrative Bodies and Procedure § 41, page 353, Note 45, page 354, Note 59 et seq., § 46, page 366, Note 97, § 172, page 512, Note 45 et seq.), but we know of none that support it, in the absence of such showing, despite her rather vague claim that the trial court's refusal to assume jurisdiction denies her some constitutional right, or rights. In the afore-cited Work § 42, it is said:

"A person aggrieved by the rulings of an administrative agency may not complain that he has been deprived of constitutional rights if he has not availed himself of the remedies prescribed for the rectification of such rulings. However, the presence of

constitutional questions, coupled with a sufficient showing of inadequacy of prescribed administrative relief *and of threatened or impending irreparable injury* flowing from delay incident to following the prescribed procedure, may be sufficient to dispense with the necessity of exhausting the administrative process before seeking judicial intervention." (Emphasis ours.)

We think plaintiff's petition falls short of showing the irreparable injury, either accomplished or threatened, that might have justified the trial court in intervening on her side in the matter involved herein. Her petition does not state facts sufficient to show that *the mere calling of the proposed election* by the Board would have injured, or done violence to, her personal, or property, rights in any way; and the *calling of the election* was all she asked the court to enjoin. The facts she alleged to show injury, pertained to tax burdens which conceivably would be cast on her, or her property *only in the event that incorporation was approved at the election*, and this was the core of her complaint, rather than the mere calling of the election. While, at one point in her petition, she injects the conclusion that unless the Board was restrained from determining whether or not the application was sufficient and whether an election should be called on the basis thereof, she would be irreparably injured and her property rights destroyed, and she had no adequate remedy at law, the mere pleading of such conclusions is not enough. Defendant's demurrer admitted only facts well pleaded, and the inferences or conclusions to be reasonably and logically drawn therefrom. It did not admit the conclusions of the pleader unattended by alleged facts to support them, which conclusions were mere surplusage and insufficient in themselves to invoke the court's equitable powers to grant her the extraordinary relief she prayed for. See Executive Committee of American Legion, Dept. of Okl. v. Hardy, Okl., 300 P.2d 663, together with the authorities therein cited; and Pitts v. Oklahoma City School Dist. of Oklahoma County, 163 Okl. 245, 22 P.2d 915; Caldwell v. Traub, 172 Okl. 12, 43 P.2d 1047. Notice also State ex rel. Stephens v. Zuck, 67 Mont. 324, 215 P. 806, and cases cited in 8 Okl.Dig., under "Injunction", ⚖118(4); Am.Jur., Vol. 28, "Injunctions", secs. 281, 283, and Vol. 41, "Pleading", secs. 16–19–24, 243. Based upon various defects plaintiff alleged concerning the application for the calling of the election, together with its accompanying exhibits and affidavits, plaintiff alleged that if the election were held and the incorporation was approved by the voters, and became a reality, the taxes levied by the new town, pursuant to the allegedly void incorporation, would become liens and clouds on her property; and in her brief, she urges " * * * this court should pass upon the matter * * * for the benefit, not only of this plaintiff, but for future actions that may arise in the State * * *". One trouble with this argument is that courts generally, and this one especially, do not render declaratory judgments under such circumstances. 73 C.J.S., supra. § 44. This court does not determine abstractly, questions of constitutional right which plaintiff, in an effort to invoke court jurisdiction, sought by the allegations of her petition, to inject in the case. Patterson v. Stanolind Oil & Gas Co., 182 Okl. 155, 165, 77 P.2d 83, 95. Another consideration is that plaintiff fails to show that she will be unable to obtain relief from the court for her anticipated injuries *after* the defendant Board acts and in *the event*, it determines to call the election, or in the event her anticipated injuries become more immediate, or more of a reality, than they apparently were at the time of the trial court's judgment. We think plaintiff's filing of the present action in the district court was, to say the least, premature. In this connection, notice Kansas City v. Public Utilities Comm., 103 Kan. 473, 176 P. 324. As said in 73 C.J.S. § 41, supra, preceding Note 82, on page 355:

"To permit judicial intervention of every procedural, preliminary, and interlocutory order or ruling [of an ad-

ministrative agency] by which a person may consider himself aggrieved would afford opportunity for constant delays in the course of administrative proceedings and would render orderly administrative procedure impossible, and result in bringing to the courts such an avalanche of trivial procedural questions as would largely monopolize their time and energies."

On the basis of the foregoing, we are of the opinion that plaintiff's petition was insufficient to invoke the jurisdiction of the trial court to grant her the relief she sought. Therefore, its judgment sustaining defendant's demurrer thereto, and dismissing the action, was correct.

Said judgment is affirmed.

CORN, V. C. J., and DAVISON, HALLEY and JOHNSON, JJ., concur.

WELCH, C. J., and WILLIAMS and JACKSON, JJ., dissent.