Sue MILTON and Carolyn F. Burkes, Appellants,

v.

Marti HAYES, Secretary of the Oklahoma County Election Board, Appellee.

No. 67985.

Supreme Court of Oklahoma.

Jan. 24, 1989.

Brian M. Dell, Speck & Dell, Oklahoma City, Okl., for appellants.

Robert H. Macy, Dist. Atty., Marc S. Pate, Asst. Dist. Atty., Oklahoma City, Okl., for appellee.

SIMMS, Justice:

The issue to be resolved is whether the provisions of the Oklahoma Election Code supply the exclusive procedure for examination of election materials or whether the Open Records Act provides an alternative form of "discovery" procedure whereby any citizen, not just unsuccessful candidates for office, may obtain access to election materials. After consideration of the briefs and record in this case together with the relevant provisions of both Codes, we conclude that the trial court did not err in holding that the Oklahoma Election Code, 26 O.S.1981 § 1–101 et seq. and 26 O.S. Supp.1987 § 1–111 et seq., provides the exclusive means of access to election materials.

The appellants served a request, pursuant to the Oklahoma Open Records Act, 51 O.S.Supp.1987 § 24A.1 et seq., on the appellee as Secretary of the Oklahoma County Election Board, to allow them to inspect the used and unused ballots together with all other election materials from the general election held November 3, 1986. The appellants are unsuccessful candidates for public office in that election. Their request was denied that same day.

Because the Oklahoma Election Code, 26 O.S.1981 § 1–101 et seq., particularly § 7–134, allowed for the destruction of those materials in the ensuing days, appellants sought, and obtained, a temporary injunction in the district court, preventing the appellee from "tampering, disposing of, or removing from her possession, the bal-

lots, unused ballots, ballot stubs and other ballot materials associated with the precincts listed in the [appellants' request] under the Open Records Act."

At the hearing on the temporary injunction, appellee argued that the sole remedy to the appellants for access to these materials was within the Election Code; specifically, the provisions for challenging election results and requesting recounts. See, 26 O.S.Supp.1987 § 8–111 et seq. The appellants, on the other hand, argued that the Open Records Act provided an alternative means of access to election materials through which any citizen, not just unsuccessful candidates for office, could determine the accuracy and reliability of election returns. After hearing argument of counsel, the court agreed that the Election Code controlled over the general provisions of the Open Records Act and found that the appellants had not complied with its provisions governing election contests; dissolved the temporary injunction and denied the appellants' request for an order directing the appellee to comply with their demand for access to the election materials.

The Open Records Act was enacted in 1985. Its stated policy is to "ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power." 51 O.S.Supp. 1987 § 24A.2. The Act includes a definitional section of sufficient breadth to encompass virtually every governmental body and record. See: 51 O.S.Supp.1987 § 24A.3. It is a general statutory provision allowing the public access to government records. Section 24A.5(1) sets out general exemptions for records which are "specifically required by law to be kept confidential." Later sections create specific exceptions for certain types of records and filings which are defined as confidential by the Act itself. See, e.g: §§ 24A.7,

24A.9 et seq. There is no specific provision in this Act addressing confidentiality of election materials.

Conversely, the Oklahoma Election Code is a specific series of enactments which governs the administration and conduct all elections in the state. It contains a specific article governing the manner in which ballots are to be kept before, during, and after elections, see: 26 O.S.1981 § 6–101 et seq., and defines a specific procedure for contesting elections. See: 26 O.S.Supp.1987 § 8–111 et seq. While the provisions of that Act which control the handling and storage of ballots antedate the Open Records Act, the provisions of the Election Code governing election contests and recounts are of more recent origin than the Open Records Act.[1] We think that it is also significant that "records" kept by the election boards are addressed in Article III of the Election Code, see e.g.: 26 O.S.Supp. 1987 § 3–126. "Ballots" are governed by Article VI. The Legislature has clearly distinguished "records" from "ballots" when enacting this series of statutes.[2]

The settled rules in this jurisdiction, when construing seemingly conflicting statutes, are that specific statutes will control over those of more general applicability, *Southwestern Bell Telephone Co. v. Oklahoma County Excise Board*, Okl., 618 P.2d 915 (1980), and that more recent enactments will control over prior enactments, see e.g. *City of Sand Springs v. Department of Public Welfare*, Okl., 608 P.2d 1139 (1980). Application of these settled rules to the alleged conflict in this case makes it quite clear that the trial court was correct in its determination that access to election materials is governed not by the Open Records Act, but rather by the Election Code. It is only the business records of the Election Board, **exclusive** of ballots and similar election materials, to which the

---

1. The provisions regulating the manner in which the ballots from a given election are handled were enacted in 1975. See generally: 26 O.S.1981 Article VI, § 6–101 et seq. Enacted in 1987, two years after the Open Records Act, 26 O.S.Supp.1987 § 8–111.1 specifies recount procedures. Section 8–114.1 directs the manner

in which electronic voting machines are to be tested and recounted.

2. See e.g.: 26 O.S.Supp.1987 § 3–105.1 (election expense records); § 4–105.1 et seq. (voter registrations) § 5–102 et seq. (candidates' filing records).

**16**

public may be entitled under the authority of Title 51.

The Open Records Act itself provides support for the result we reach here. Section 24A.5(1) of that statute states, in pertinent part, that:

"1. The Oklahoma Open Records Act does not apply to records specifically required by law to be kept confidential including:

a. records not discoverable under state law ..." 51 O.S.Supp.1987, § 24A.5(1).

By statute, the vote of an individual is protected from discovery and such evidence is inadmissible in any proceeding. 26 O.S. 1981 § 7–109. While there are no specific provisions in the Election Code which similarly exclude all election materials from discovery and make the materials inadmissible, a degree of confidentiality is conferred on that material by section 7–134. That statute states:

"The county election board *shall not disturb anything in the ballot box*, and *the box shall be retained* by the secretary of the county election board *until opened by court order* or until it is necessary to open same for use at the next election, at which time the ballots shall be destroyed; ..." 26 O.S.1981, § 7–134. (emphasis added)

The secretary is prohibited from "disturb[ing] anything in the ballot box", 26 O.S.1981 § 7–134; all the election materials that have been requested by these appellants are required by this statute to be kept in the ballot box. Plainly, then, these materials must be considered "confidential" under the provisions of the Open Records Act cited herein.[3] Otherwise, the secretary could not comply with one statute without violating the other. That result would be

an absurdity; this Court will not adopt a construction of statutes which permits an absurd consequence. *Tannehill v. Special Indemnity Fund*, Okl., 538 P.2d 590 (1975). See, also: *State, ex rel., Roussel, et al., v. St. John the Baptist Parish School Board*, 135 So.2d 665 (La.1961).

Accordingly, for the reasons stated herein, the judgment and order of the District Court of Oklahoma County is AFFIRMED.

HARGRAVE, C.J., and LAVENDER, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, V.C.J., and HODGES, J., dissent.

3. The appellants argue that the materials from voting machines are not, and cannot be, kept in a "ballot box". They suggest this distinction justifies their request for access to this information. To the contrary, however, provisions similar to § 7–134 has been enacted with respect to securing election materials in voting machines. See: 26 O.S.1981 §§ 9–111, 9–112.

We also note that while on one hand the appellants state that they do **not** want access to

voted ballots, they argue to the contrary in their brief. Appellants justify their request for inspection, stating "all that can now be revealed from **an examination of the voted ballots** is a precise evaluation of the effectiveness of the electronic voting machines in Oklahoma County." (Appellants' brief, page 15; emphasis added). This rationalization belies their earlier assertions that the appellants were not seeking a recount.