2011 OK 105

**Mary Roshawn JONES,**
**Plaintiff/Appellant,**

v.

**STATE of Oklahoma, ex rel., OFFICE**
**OF JUVENILE AFFAIRS,**
**Defendant/Appellee.**

No. 107,379.

Supreme Court of Oklahoma.

Dec. 20, 2011.

Charles C. Vaught, Kevin S. Marritt, Tulsa, Oklahoma, for Plaintiff/Appellant.

Lisa Erickson Endres, Assistant Attorney General, Oklahoma City, Oklahoma, for Defendants/Appellees.

KAUGER, J.:

¶1 The first impression issue presented here is whether the provisions of the Oklahoma Standards for Drug and Alcohol Testing Act (SWDATA), 40 O.S. §§ 551–563 permit a classified state employee to file an action in district court prior to the exhaustion of administrative remedies. We hold that SWDATA provides an independent cause of action which authorizes a classified state employee to file an action in the district court for a wilful violation of the act without first exhausting the employee's administrative remedies.

## FACTS

¶2 The plaintiff/appellant, Mary Roshawn Jones (Jones/employee), was a full-time, classified employee of the defendant/appellee, Oklahoma Office of Juvenile Affairs (OJA/employer), working at the L.E. Rader Center (Center). On May 3, 2007, Jones was bitten by a spider while at work. On May 8, 2007, Jones sought medical treatment for the spider bite, at the Center. Jones and Linda R. Flood, R.N., an employee of the Center, signed a Document entitled "Employee Accident Evaluation Report" and attached to this form was "An Authorization to Treat Form."[1] The box on the form indicating that drug testing was required was blank. On May 17, 2007, Jones signed the OJA Report and Review of Job–Related Accidental Injury or Illness. Employee checked the "no" box on the form when asked if she was asked to submit to a drug test as a result of this accident.

¶3 The time lines of the actions of both employee and employer from Jones' return to work until she took a drug test on June 26 are convoluted. The OJA alleges that they repeatedly tried to get Jones to complete paperwork relating to her work-related injury. The OJA also alleges that Jones' delay in completing the paperwork resulted in the delay in requesting the drug test. The deposition of the OJA risk manager, Thomas Micah, states that the reason Jones was required to be drug tested was because she sought medical treatment for the spider bite.[2] Jones alleges that the reason for the required drug test were a series of harassing and threatening calls to the Center by a former boyfriend.

¶4 On June 26, 2007, at 1:30 p.m., the employee was told to report to Concerta, an approved Board of Health drug sample collection facility. The records of Concerta indicate that Jones gave four urine samples, but they were all insufficient for testing. She could not provide a sufficient test sample within the requisite time period and left the testing facility.[3] Jones states that she had drug tests on June 27, 2007, and June 29, 2007, and that both were negative.

¶5 On July 20, 2007, Ms. Jones received Notice of Proposed Action–Discharge. After an OJA hearing, the employee was discharged, effective August 15, 2007. She filed no administrative appeal from the discharge with the Merit Protection Commission.

¶6 On January 14, 2008, Jones filed a civil case, alleging violations of 40 O.S. Supp.1993 § 551 et seq.; she sought compensatory and punitive damages and lost wages, or, in the alternative, restoration to employment. The defendant filed a motion for summary judgment, which was granted on June 30, 2009. The trial court, in part,[4] based this decision

1. Employee Accident Evaluation Report/Authorization to Treat Form, Exhibit 4 of the Defendant's Reply in Response to Motion for Summary Judgment filed in the District Court of Tulsa County on May 19, 2009.

2. Deposition of Thomas Micah, Exhibit 7 of the Defendant's Reply to Response to Motion for Summary Judgment filed in the District Court of Tulsa County on May 19, 2009.

3. Exhibit 9 of the Defendant's Motion for Summary Judgment filed in the District Court of Tulsa County on February 19, 2009.

4. The trial court in the Journal Entry sustaining the defendant's Motion for Summary Judgment also found that: 1) SWDATA allows for post accident drug testing; 2) defendant's drug testing policies are in accordance with 440(sic) § 554; and 3) The defendant is not liable for any tort by First Advantage Screening because 51 O.S. § 155(18) provides immunity to the State. Appellant's Petition in Error states that the appellate issues include whether there were questions of factual dispute that would require the denial of summary judgment. There were several factual issues not considered by the trial court.

on Jones failure to exhaust her administrative remedies. The Court of Civil Appeals affirmed the trial court, holding that if an employer provides an administrative remedy, then the employee must exhaust all of the employer's internal administrative remedies before bringing a civil action under SWDATA. We granted certiorari to address the exhaustion requirement.

¶ 7 **THE OKLAHOMA STANDARDS FOR WORKPLACE DRUG AND ALCOHOL TESTING (SWDATA) DO NOT REQUIRE A CLASSIFIED STATE EMPLOYEE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO INSTITUTING AN ACTION IN DISTRICT COURT.**

¶ 8 Jones did not exhaust her administrative remedies; she brought an action in the district court, seeking compensatory damages, lost wages and punitive damages, or, in the alternative, restoration to employment, alleging a violation of 40 O.S. Supp. 1993 § 563(A) which provides:

A. Any person aggrieved by a wilful violation of the Standards for Workplace Drug and Alcohol Testing Act **may institute a civil action in a court of competent jurisdiction within two (2) years of the person's discovery of the alleged wilful violation *or* of the exhaustion of any internal administrative remedies available to the person, or be barred from obtaining the relief provided for in subsection B of this section. B.** A prevailing party may be awarded declaratory or injunctive relief and compensatory damages which may include, but not be limited to, employment, reinstatement, promotion, the payment of lost wages and other remuneration to which the person would have been entitled and payment of and reinstatement to full benefits and seniority rights. Reasonable costs and attorney fees may be awarded to the prevailing party. [Emphasis added.]

¶ 9 Jones argues that the provisions of 40 O.S. Supp.1993 § 563 permit her to file an action in district court without the prior exhaustion of administrative remedies. She interprets the statute to provide the litigant with a choice between the exhaustion of administrative remedies prior to the filing of a civil action or the filing of an action within two years of the date of the alleged date of the violation of the act without exhausting the administrative remedies.

¶ 10 The employer argues that the provisions of 40 O.S. Supp.1993 § 563 must be construed in tandem with the statutory provisions set forth at 74 O.S. Supp.1995 § 840-6.7 [5] (originally codified in 1984) and the case law that requires the exhaustion of administrative remedies before a discharged classified employee may bring action in the district court.

¶ 11 The OJA has enacted, pursuant to the Administrative Procedures Act, a Drug Policy.[6] The policy is designed to maintain an alcohol and drug free work environment and to test job applicants and employees for the illegal use of drugs.[7] It provides that post accident testing may be required if an employee has sustained a work-related injury.[8] An employee's refusal to test is grounds for discipline, up to and including discharge.[9] A terminated employee has grievance and appeal rights, as provided by the OJA Rules and the Oklahoma Merit Protection Commission.[10]

---

5. Title 74 O.S. Supp.1995 § 840-6.7 provides in pertinent part:
  .... The findings of the administrative hearing officer shall be final regarding all questions of law within their jurisdiction except as provided in the Administrative Procedures Act. After exhausting all remedies under the Administrative Procedures Act, either party to an appeal of demotion, suspension, or discharge may appeal to district court within thirty (30) calendar days.
  This statute was originally codified in 1984, but has been amended numerous times.

6. Exhibit 4 of the Defendant's Motion for Summary Judgment filed in the District Court of Tulsa County on February 19, 2009.

7. Rule 377:3-11-1, 20 Okla. Reg. 1293 (7-1-03).

8. Rule 377:3-11-5, 20 Okla. Reg. 1293 (7-1-03).

9. Rule 377:3-11-9, 20 Okla. Reg. 1293 (7-1-03).

10. Rule 377:3-11-11, 20 Okla. Reg. 1293 (7-1-03).

¶ 12 It has long been established in Oklahoma that exhaustion of administrative remedies is a jurisdictional prerequisite for resort to the courts by an employee of the State when that employee seeks redress under the statutes that govern the discipline and termination of classified state employee.[11] The rule requiring exhaustion of administrative remedies is designed to aid in the orderly administration of justice and to prevent transfer to the courts of duties imposed by law on administrative agencies.[12] These are well established tenants of the laws relating to the termination of the employment of a classified State employee.

¶ 13 SWDATA was enacted by the Legislature, almost ten years after the original codification in 1984 of the statute requiring the exhaustion of administrative remedies, 74 O.S. Supp.1995 § 840–6.7. SWDATA is one of numerous Federal and state statutes governing employee drug testing enacted in the 1980's and the 1990's. Drug testing statutes were enacted to balance the employee's constitutional rights and the movement for a drug free workplace.[13] SWDATA provides a cause of action open to **both** public and private employees in the State of Oklahoma if the provisions of the act concerning regulated employee drug testing are wilfully violated.[14] SWDATA is designed to protect both the rights of the employer and the rights of the employee. It is a specific act that must be construed alongside the general statutory provisions concerning the termination of classified State employees.

¶ 14 Where a matter is addressed by two statutes, one specific and the other general, the specific statute governs over the general provision.[15] Title 40 O.S. Supp.1993 § 563(A) is a specific statute granting a public employee the right to bring an action under SWDATA if a wilful violation of rights is alleged. It was passed by the legislature almost ten years after 74 O.S. Supp.1995 § 840–6.7. The provisions of the specific statute granting the state employee a specific right control over the general exhaustion of remedies statute.

¶ 15 The intent expressed by the SWDATA language also supports the contention that this is a stand—alone, specific and controlling statute. Intent is ascertained from the whole act in light of its general purpose and objective considering relevant provisions together to give full force and effect to each.[16] The Court presumes that the Legislature expressed its intent and that it intended what it expressed.[17] Statutes are interpreted to attain that purpose and end[18] championing the broad public policy purposes underlying them.[19] Only where the legislative intent cannot be ascertained from

11. *Martin v. Harrah Independent School District*, 1975 OK 154, ¶ 7, 543 P.2d 1370. *See also Daffin v. State ex rel. Oklahoma Department of Mines*, 2011 OK 22, ¶ 10, 251 P.3d 741; *Sanders v. Oklahoma Employment Security Commission*, 1948 OK 116, ¶ 20, 200 Okla. 366, 195 P.2d 272, 276; *Speaker v. Board of County Com'rs of Oklahoma County*, 1957 OK 100, ¶ 6, 312 P.2d 438, 439.

12. *Martin v. Harrah Independent School District*, at ¶ 8, see note 11 supra.

13. Leslie Benware, *But See Guiney: Revisiting Mandatory Random Suspicionless Drug Testing of Massachusetts Public–Sector Safety–Sensitive Employees in Light of House Bill 2210*, XLIV Suffolk U.L.Rev. 477, 478–503 (2011).

14. Title 40 O.S. Supp.1993 §§ 552, 563.

15. *Atkinson v. Gurich* 2011 OK 12, ¶ 14, 248 P.3d 356, 361, *Duncan v. Oklahoma Department of Corrections*, 2004 OK 58, ¶ 6, 95 P.3d 1076, 1079, *Milton v. Hayes*, 1989 OK 12, ¶ 7, 770 P.2d 14, 15.

16. *Clifton v. Clifton*, 1990 OK 88, ¶ 7, 801 P.2d 693, 696, *Maule v. Indep. Sch. Dist. No. 9 of Tulsa Cnty.*, 1985 OK 110, ¶ 11, 714 P.2d 198, 203, *Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Comm'n*, 1988 OK 117, ¶ 7, 764 P.2d 172, 179.

17. *King v. King*, 2005 OK 4, ¶ 22, 107 P.3d 570, *Fuller v. Odom*, 1987 OK 64, ¶ 4, 741 P.2d 449, 453; *Darnell v. Chrysler Corp.*, 1984 OK 57, ¶ 5, 687 P.2d 132, 134.

18. *King v. King*, at ¶ 22 see note 17 supra., *Oklahoma Ass'n for Equitable Taxation v. City of Oklahoma City*, 1995 OK 62, ¶ 5, 901 P.2d 800, 803, *rehearing denied* (1995), *cert. denied*, 516 U.S. 1029, 116 S.Ct. 674, 133 L.Ed.2d 523 (1995); *Wilson v. State of Oklahoma ex rel. Oklahoma Tax Comm'n*, 1979 OK 62, ¶ 5, 594 P.2d 1210, 1212.

19. See *King v. King*, at ¶ 22 note 17 supra, *State ex rel. Dept. of Human Serv. v. Colclazier*, 1997 OK 134, ¶ 9, 950 P.2d 824, 827, *Matter of Estate of Flowers*, 1993 OK 19, ¶ 11, 848 P.2d 1146, 1151.

the statutory language, i.e. in cases of ambiguity or conflict, are rules of statutory construction employed.[20] SWDATA is designed to protect the rights of the employee and the employer when there is employee drug testing. The provisions of 40 O.S. Supp.1993 § 563(A) create an action only when there is a wilful violation of the act. The original title of the act too, reinforces this argument.[21] It shows that SWDATA was clearly designed as a stand alone legislative act that was enacted to protect employee rights, not to limit them.[22]

¶ 16 The Legislature modified 40 O.S. Supp.2011 § 563, effective November 1, 2011. The new language is clear and concise and it provides **that any person aggrieved by a wilful violation of the Standards for Workplace Drug and Alcohol Testing may bring a civil action within one (1) year of the alleged violation.**[23] This is clearly an action by the legislature to provide to all employees a specific remedy for a specific statutory violation. The language as to exhaustion of administrative remedies has been removed altogether. The new provisions of

**20.** See *King v. King*, at ¶ 22 see note 17 supra, *Haggard v. Haggard*, 1998 OK 124, ¶ 1, 975 P.2d 439, 442; *Price v. Southwestern Bell Tel. Co.*, 1991 OK 50, ¶ 7, 812 P.2d 1355, 1358.

**21.** The title of an act may be used to determine legislative intent. *Atkinson v. Halliburton Co.*, 1995 OK 104, ¶ 17, 905 P.2d 772.

**22.** Standards for Workplace Drug and Alcohol Testing Act, Ch. 355, 1993 Okla. Session Law Serv., (codified as 40 O.S. §§ 551–563:

An Act relating to labor; amending 3A O.S. 1991, Section 204, as last amended by Section 17, Chapter 364, O.S.L.1992 (3A O.S. Supp. 1992, Section 204), which relates to powers of Horse Racing Commission; creating Standards for Workplace Drug and Alcohol Testing Act; providing short title; defining terms; construing act; requiring employers choosing to conduct drug or alcohol testing to comply with act and rules; exempting testing pursuant to federal law or regulation; allowing negotiation of collective bargaining agreements that provide greater protection than act; stating circumstances under which employer may choose to conduct drug or alcohol testing; prohibiting drug or alcohol testing unless employer adopts written policy and stating information to be included in policy; requiring certain notice to employees; requiring policy and changes be posted and given to certain persons; requiring testing occur during certain time period and deeming such time as work time; requiring employer to pay costs of testing with certain exception; requiring State Board of Health to implement and enforce act and promulgate rules for licensure, regulation, minimum testing standards and procedures; requiring rules be consistent with certain federal laws and regulations and include certain safeguards, standards and procedures with certain exception; requiring certain testing facilities be licensed by Board and requiring promulgation of certain rules; setting maximum licensure fee; providing for administrative fine for unlicensed facilities; stating conditions for sample collection and testing; making certain records and information confidential and prohibiting their use in certain proceed-

ings with certain exception; making certain records property of employer; limiting availability of records to certain persons under certain conditions; prohibiting disclosure of certain information; requiring employer provide drug and alcohol assistance program if providing testing under this act and specifying such program; prohibiting disciplinary action based on positive test with certain exceptions and unless certain conditions are met; allowing disciplinary action for refusal to undergo testing; considering certain action as discharge for misconduct; stating statute of limitation; authorizing prevailing party be awarded certain relief, compensatory damages and certain costs and fees; providing penalties; prohibiting implementation of drug or alcohol testing programs after certain date unless in compliance with act and rules; providing certain date for compliance by programs currently in effect; disqualifying certain discharged employees from eligibility for unemployment compensation benefits; requiring certain testing be in compliance with act after certain date; providing for codification; and declaring an emergency.

**23.** Title 40 O.S.2011 § 563(A) provides:

A. Any person aggrieved by a willful violation of the Standards for Workplace Drug and Alcohol Testing Act may institute a civil action in a court of competent jurisdiction within one (1) year of the alleged willful violation or be barred from obtaining the relief provided for in subsection B of this section. A willful violation of the Standards for Workplace Drug and Alcohol Testing Act requires proof by the preponderance of the evidence that the employer had a specific intent to violate the act.

B. A prevailing party may be awarded lost wages to which the person would have been entitled and an additional equal amount as liquidated damages. Interim earnings or amounts earnable with reasonable diligence by the aggrieved person shall operate to reduce the lost wages otherwise allowable. Reasonable costs and attorney fees may be awarded to the prevailing party, whether plaintiff or defendant.

SWDATA are clearly designed to simply limit the time an action may be brought, as do the old provisions of 40 O.S. Supp.1993 § 563.

¶ 17 SWDATA offers a cause of action for its wilful violation to employees in both the public and the private sectors of employment. This is a specific cause of action separate from the remedies provided for under the Administrative Procedures Act; the remedies available to Jones under SWDATA, differ from the remedies available to Jones under 74 O.S. Supp.1995 § 840–6.6.[24] It is the statement of the Legislature on the rights of an employee, either public or private, when the employer demands the employee's bodily fluids for testing and wilfully violates the statutory requirements for such a demand. It is a specific statute for a specific and limited circumstance.

¶ 18 The employer also argues that the use of the word "or" in 40 O.S. Supp.1993 § 563(A)[25] operates only to create a tolling provision to stop the statute of limitations from running and that Jones must still exhaust her administrative remedies prior to commencement of an action in district court. This contention is not supported by the basic rules of statutory construction which require that a statute be given its plain meaning.[26] The ordinary and common definition, the plain meaning of the word "or," implies a

24. Title 74 O.S. Supp.1995 § 840–6.6 provides:

A. Any person who believes that his or her rights under the Oklahoma Personnel Act, Section 840–1.1 et seq. of this title, have been violated may appeal to the Oklahoma Merit Protection Commission for corrective action. 'B. Excluding the procedures set forth in Section 840–6.5 of this title, the Executive Director shall conduct preliminary investigations of possible violations of the Oklahoma Personnel Act. The Executive Director shall prepare a report of each such investigation stating the issues and findings of fact. If it is the determination of the Executive Director that a violation of the Oklahoma Personnel Act or the Merit System of Personnel Administration Rules may have occurred, the Executive Director shall, within ten (10) calendar days after the date of the report, appoint an administrative hearing officer to hear the case or refer the case to the Alternative Dispute Resolution Program, as appropriate and provided for by law. If the appeal is to be heard by an administrative hearing officer, the Executive Director shall notify the appellant and the appointing authority of the date, time, and place of the hearing in accordance with the provisions of Section 840–6.7 of this title. Such hearing shall be conducted within thirty-five (35) calendar days of the date of the investigative report unless continued for good cause. Any continuances shall not exceed a combined total of sixty (60) calendar days except for good cause shown.
The prehearing conference and hearing shall be conducted in accordance with the provisions of Section 840–6.7 of this title. If it is determined a violation has occurred, the Commission or presiding official shall:
1. Direct the appointing authority to take the necessary corrective action; or
2. Report the finding to the appropriate authorities for further action.
Corrective action shall be confined to issues submitted for decision and shall be consistent with applicable laws and rules and limited to actions specifically granted to the Oklahoma Merit Protection Commission and presiding official in the Oklahoma Personnel Act and shall not alter, reduce, or modify any existing right or authority as provided by statute or rule.
C. The following procedures shall pertain to the closing of a hearing or Alternative Dispute Resolution Program proceeding record:
1. When a hearing or Alternative Dispute Resolution Program proceeding is convened, the record will close at the conclusion of the hearing or Alternative Dispute Resolution Program proceeding unless otherwise specified by the presiding official;
2. When a hearing or Alternative Dispute Resolution Program proceeding is not convened, the record will close on the date set by the presiding official as the final date for the receipt of submissions of the parties; and
3. Once the record is closed, no additional evidence or argument shall be considered except upon a showing that new and material evidence has become available which was not readily available prior to the closing of the record.

25. Title 40 O.S. Supp.1993 § 563(A), see page 5–6.

26. *Curtis v. Board of Educ. of Sayre Public Schools*, 1995 OK 119, ¶ 10, 914 P.2d 656 provides:

The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in a statute. [W] here the language of a statute is plain and unambiguous and the meaning clear and unmistakable, there is no room for construction, and no justification exists for interpretative devices to fabricate a different meaning. In the absence of a contrary definition, words in a statute are to be given the same meaning as that attributed to them by ordinary and common definitions.

choice of A or B.[27] Actions for wilful violation of SWDATA must therefore be filed either within two years of the alleged wilful violation or after the exhaustion of internal administrative remedies.

## CONCLUSION

¶ 19 The version of this statute at the time litigation was commenced is a specific statute enacted after the general statute relating to exhaustion of remedies in classified state employee discharge. The legislative intent, expressed by a reading of the act as a whole and a review of the original title, provides that a state employee may file an action under the act without exhaustion of her administrative remedies. The Act, when read as a whole, offers a specific right of suit in a specific and limited situation.

¶ 20 OJA's motion for summary judgment was sustained because the employee failed to exhaust her administrative remedies. We hold that SWDATA, specifically 40 O.S. Supp.1993 § 563 does not require the exhaustion of administrative remedies prior to the filing of an action in district court. We express no opinion on the merits of the cause of action.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT REVERSED AND REMANDED.**

COLBERT, V.C.J., KAUGER, WATT, EDMONDSON, REIF, COMBS, and GURICH, JJ., concur.

TAYLOR, C.J., and WINCHESTER, J., dissent.

---

27. *Lommasson v. School Dist. No. 1, Multnomah County,* 201 Or. 71, 261 P.2d 860, 864 (1953). Opinion withdrawn in part on re hearing by *Lommasson v. School Dist. No. 1, Multnomah County,* 201 Or. 71, 267 P.2d 1105 (Or.1954): [There is no justification for using 'or' and meaning 'and', unless the failure to do so would leave a statute meaningless or absurd. Generally the words 'and' and 'or' are not interchangeable being strictly of a conjunctive or disjunctive nature, respectively, and their ordinary meaning will not be followed if it does render the sense of the statute dubious or circumvent the legislative intent.]