2016 OK CIV APP 15

**NATURAL GAS ANADARKO COMPANY,**
Plaintiff/Appellant,

v.

Jerry L. VENABLE, individually and as Trustee of the Jerry Venable Revocable Family Trust Dated August 26, 2004; Janna Noland and Kenna Karnish, as Co–Trustees of the Loretta Mae Polin Revocable Trust Under Agreement Dated November 13, 1984; Donna Venable Yates; Thomas Venable; Jeffrey V. Pennington, Stephen D. Pennington, and Patricia E. Pennington Hill, as heirs of Eva V. Pennington, deceased, and Successor Trustees of Eva V. Pennington 2006 Revocable Trust, Dated April 4, 2006; Vivian Nichols and Sandra Dane, Defendants/Appellees.

No. 112,149.

Court of Civil Appeals of Oklahoma, Division No. 2.

July 10, 2015.

Michael E. Smith, Ralph E. Seals, Jr., Sharon T. Thomas, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Oklahoma City, OK, for Plaintiff/Appellant.

Richard J. Gore, Richard L. Rose, Zachary J. Foster, Mahaffey & Gore, P.C., Oklahoma City, OK, and David K. Petty, David K. Petty PLLC, Guymon, OK, for Defendants/Appellees.

JOHN F. FISCHER, Presiding Judge.

¶1 Natural Gas Anadarko Company (Anadarko) appeals the judgment awarding costs and attorney fees to defendants/appellees Jerry L. Venable, et al. The Venable defendants prevailed in this quiet title action filed pursuant to the Nonjudicial Marketable Title Procedures Act, 12 O.S.2011 §§ 1141.1 to 1141.5 and are, therefore, entitled to the costs and attorney fees awarded in this action. The judgment of the district court is affirmed.

## BACKGROUND

¶2 The facts relevant to the parties' relationship and the oil and gas leases at issue in this appeal are set forth in the companion case, *Natural Gas Anadarko Company v. Venable*, Case No. 111,611 (Okla.Civ.App. July 9, 2015). In that case, we held that Anadarko's leases expired at the end of the primary term with respect to the one nonproducing drilling and spacing unit designated by the Oklahoma Corporation Commission but not as to the two producing units. We affirmed the district court's judgment quieting title to the nonproducing drilling and spacing unit in the Venable defendants. This appeal concerns the district court's judgment awarding the Venable defendants costs and attorney fees as prevailing parties in the quiet title action.

¶3 After the end of the leases' primary term, Jerry Venable filed an affidavit with the clerk of Beaver County stating, in part, that the leases had expired "as to all common sources of supply which were nonproductive" as of the end of the primary term of the leases. Anadarko, by letter, demanded that Venable "withdraw [the] assertion that [the] leases had expired as to some common sources of supply by releasing the Affidavit." Anadarko enclosed a form of release it requested that Venable sign. When Venable did not respond, Anadarko filed suit pursuant to the Nonjudicial Marketable Title Procedures Act seeking a "judgment against [the Venable] Defendants, quieting [Anadarko's] title in and to [Anadarko's] leases." Anadarko appeals the judgment awarding the Venable defendants attorney fees and costs as the prevailing parties in that action.

## STANDARD OF REVIEW

¶4 Anadarko does not challenge the reasonableness of the hourly rates charged in this case or the necessity of the number of hours expended. Anadarko's appeal challenges the Venable defendants' statutory entitlement to costs and attorney fees. Statutory construction of the Nonjudicial Marketable Title Procedures Act raises questions of law and requiring de novo review in the appellate court. *Stump v. Cheek*, 2007 OK 97, ¶9, 179 P.3d 606, 611. De novo review requires a non-deferential, plenary and independent review of the trial court's legal ruling. *Heffron v. District Court of Oklahoma Cnty.*, 2003 OK 75, ¶15, 77 P.3d 1069, 1076.

## ANALYSIS

¶5 The Nonjudicial Marketable Title Procedures Act "sets forth detailed procedures to be followed where someone having an interest or claiming an interest in a parcel of real property and who believes there is some title defect or apparent cloud on the title to the real property, seeks to remedy same without having to institute a court action to quiet title." *Head v. McCracken*, 2004 OK 84, ¶17, 102 P.3d 670, 681. The Act "seeks to preserve judicial resources by encouraging resolution of title disputes through curative instruments rather than through quiet title actions. It accomplishes this purpose by requiring a trial court to award attorney fees, costs, and expenses to a prevailing party in a quiet title action who attempted to first resolve the matter through a curative instrument in accordance with the Act." *Stump*, 2007 OK 97, ¶9, 179 P.3d at 611.

## I. The Venable Defendants' Entitlement to Attorney Fees

¶ 6 Anadarko contends that the attorney fee portion of the Act does not apply. Anadarko argues that attorney fees are authorized only if a party prevails on its entire claim. Anadarko notes that although it "did not obtain the relief it sought," it did obtain some relief, i.e., the validity of its leases to the two producing formations was confirmed.

¶ 7 First, as the district court correctly observed, the validity of Anadarko's leases to the two producing formations was never an issue in this case. What Anadarko sought to obtain was clear and uncontested title to the nonproducing formation. On this issue, the Venable defendants prevailed. The Act required Anadarko to provide the Venable defendants with " 'the exact instrument or conveyance' that would be acceptable to cure the title problem identified and sought to be cured." *Head,* 2004 OK 84, ¶ 18, 102 P.3d at 682. As we held in Case No. 111,611, the Venerable defendants were right in refusing to execute the curative document requested by Anadarko. That document would have recognized the validity of Anadarko's leases to the nonproducing formation, which we have held expired at the end of the primary term. According to "the plain and salient language" of the Act, "the plaintiffs must win ... through the quiet title court proceeding that which they sought through their written demand." *Id.* ¶ 15, 102 P.3d at 680–81.

¶ 8 Second, Anadarko may not recover attorney fees pursuant to the Act unless "a defendant refuses to execute a curative instrument that is actually necessary to cure the title problem." *Id.* ¶ 19, 102 P.3d at 682. However, no similar restriction is placed on a defendant who defeats only a portion of the plaintiff's quiet title action. The Act authorizes the recovery of attorney fees by a quiet title defendant who correctly "failed or refused" to take the corrective action demanded by the plaintiff in its pre-litigation request.

> If a defendant in the quiet title action who either failed to respond to a notice ... or who refused to execute and deliver a curative instrument or take corrective action identified in the notice prevails in the quiet

title action, the defendant in the quiet title action ... shall be entitled to recover ... costs and reasonable attorney fees.

*12 O.S.2011 § 1141.5* (B). The award of attorney fees to the Venable defendants is authorized by section 1141.5(B), and that portion of the district court's judgment is affirmed.

## II. The Venable Defendants' Entitlement to Costs

¶ 9 Anadarko's argument that the district court erred in awarding costs to the Venable defendants is premised on the wrong statutory provision. Anadarko relies on *12 O.S.2011 § 942,* which lists the costs the district court may award. The Venable defendants rely on section 1141.5(B) of the Act. During the hearing on the motion for costs and attorney fees, the difference was agreed to be $364.76. As the Venable defendants correctly point out, section 1141.5(B) of the Act, the more specific of the two cost statutes, controls. "Where a matter is addressed by two statutes, one specific and the other general, the specific statute governs over the general provision." *Jones v. State,* 2011 OK 105, ¶ 14, 268 P.3d 72, 76. Pursuant to section 1141.5(B), the Venable defendants:

> [S]hall be entitled to recover damages equal to the actual expenses incurred by the defendant in responding to the notice from the requestor pursuant to Section 4 of this act, and the expenses of litigation directly related to obtaining judgment quieting title in the defendant or asserting an affirmative defense with respect to the interest or apparent interest forming the basis of the action against the defendant, including costs and reasonable attorney fees.

We agree with Anadarko in one respect; the "costs" authorized by section 1141.5(B) are the same costs authorized by section 942. *Samman v. Multiple Injury Trust Fund,* 2001 OK 71, ¶ 13, 33 P.3d 302, 307 (words in a statute are given their ordinary meaning unless different legislative intent is signified by the context). In the context of post-litigation awards, the ordinary meaning of costs is most commonly derived from section 942. However, in the Act, the Legislature

did not limit a successful defendant to recovering only "costs." The Legislature also authorized a successful defendant to recover "actual expenses incurred" and the "expenses of litigation directly related to obtaining judgment." Section 1141.5(B). These are not "costs" authorized by section 942. "When construing statutes, all relevant provisions must be considered together, where possible, so that force and meaning is given to each." *In re Dana P. v. State*, 1982 OK 140, ¶ 23, 656 P.2d 253, 258. Anadarko's proposed construction would render the terms "actual expenses incurred" and the "expenses of litigation" superfluous and essentially meaningless. We assume that the Legislature intends what it expresses. *Oklahoma Ass'n for Equitable Taxation v. City of Oklahoma City*, 1995 OK 62, ¶ 5, 901 P.2d 800, 803. Consequently, the district court did not err in awarding the Venable defendants additional expenses not authorized as costs by *12 O.S. 2011 942.*[1]

## CONCLUSION

¶ 10 The district court did not err in granting the Venable defendants' motion for costs and attorney fees. The Venable defendants successfully defended Anadarko's quiet title action filed pursuant to the Nonjudicial Marketable Title Procedures Act. To be entitled to attorney fees and costs pursuant to the Act, a defendant, unlike a plaintiff, need not obtain the exact relief requested. The Venable defendants correctly refused to execute the curative document requested by Anadarko and obtained a judgment quieting their title to the disputed portion of Anadarko's leases. Therefore, the Venable defendants prevailed in Anadarko's quiet title action and are entitled to recover their attorney fees and costs. Section 1141.5(B) of the Act authorizes a successful defendant to recover expenses in addition to those costs authorized by *12 O.S. 2011 § 942.* Anadarko has shown no error

by the district court, and the judgment appealed is affirmed.

¶ 11 AFFIRMED.

GOODMAN, V.C.J., and WISEMAN, J., concur.

---

1. Anadarko also argues in its appellate briefing that the request for costs was not supported by adequate documentation, even though an affidavit of counsel was filed in support of the Venable defendants' motion. Anadarko did not raise this argument with the district court during the hearing on the Venable defendants' motion. We decline to reach issues Anadarko did not raise in the district court. *See Jackson v. Jackson*, 2002 OK 25, n. 12, 45 P.3d 418, 425 n. 12.