Terry L. GIBBS, Plaintiff–Appellant,

v.

CLEMENTS FOOD COMPANY, Defendant–Appellee.

No. 91–6229.

United States Court of Appeals, Tenth Circuit.

Nov. 14, 1991.

Terry L. Gibbs, Stillwater, Okl., pro se.

John C. Harrington, Jr. of Berry–McKee Law Center, Oklahoma City, Okl., for defendant-appellee.

Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.

McKAY, Chief Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Terry L. Gibbs appeals from the district court's order to pay attorney's fees for the defendant who prevailed in a suit under 42 U.S.C. § 2000e *et seq.* Mr. Gibbs filed a motion for leave to object to defendant's statement of costs. After this motion was filed, the district court awarded attorney's fees to the defendant and denied Mr. Gibbs' motion for leave to object as moot. On appeal, Mr. Gibbs objects to the award of attorney's fees, complaining that he had no opportunity to challenge defendant's statement of costs.

The Supreme Court has determined that a district court has discretion under 42 U.S.C. § 2000e–5(k) to order a plaintiff to pay the reasonable attorney's fees of the prevailing defendant, reasoning that such an award will deter plaintiffs from bringing actions which are frivolous, unreasonable, or groundless. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412,

421–22, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1978). Several courts of appeal have found that *Christiansburg* suggests an equitable standard under which the plaintiff's financial condition is a relevant factor in determining the amount of an award of attorney's fees. *Miller v. Los Angeles County Bd. of Educ.,* 827 F.2d 617, 621 (9th Cir.1987) ("[A] district court in cases involving 42 U.S.C. §§ 1981, 1983 or Title VII should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant.") (citations omitted); *Alizadeh v. Safeway Stores, Inc.,* 910 F.2d 234, 239 (5th Cir.1990); *Munson v. Friske,* 754 F.2d 683, 697 (7th Cir.1985); *Arnold v. Burger King Corp.,* 719 F.2d 63, 68 (4th Cir.1983); *Charves v. Western Union Tel.,* 711 F.2d 462, 465 (1st Cir.1983); *Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911, 917 (11th Cir.1982); *Faraci v. Hickey–Freeman Co., Inc.,* 607 F.2d 1025, 1028–29 (2d Cir.1979). No courts of appeal have considered the issue and reached a contrary decision. Some courts have specifically found that a party's indigence will limit, without eliminating, the amount of the award. *E.g., Alizadeh,* 910 F.2d at 238; *Durrett,* 678 F.2d at 917 ("A fee must be assessed which will serve the deterrent purpose ..., and no fee will provide no deterrence."). We join the circuits cited in finding that the nonprevailing plaintiff's financial condition and resources are relevant to a court's equitable decision on the amount of attorney's fees to be awarded. Of course, the party seeking to reduce the amount of attorney's fees because of limited finances has the burden to plead and establish his or her financial status.

■ After thorough review of the record and pleadings in the instant case, we conclude that the district court erred in finding moot Mr. Gibbs' motion for leave to object to defendant's statement of costs. The docket reveals that petitioner's motion was timely filed prior to the court's order granting defendant's attorney's fees.

We therefore REMAND for the district court to rule on Mr. Gibbs' motion for leave to object to defendant's statement of costs. If the district court grants the motion, it must decide whether to award attorney's fees and determine the amount of any such award consistent with this opinion.