972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry L. GIBBS, Plaintiff-Appellant,
v.
CLEMENTS FOOD COMPANY, Defendant-Appellant.
 No. 92-6111.
 United States Court of Appeals, Tenth Circuit.
 Aug. 7, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellee Clements Food Company (CFC) prevailed in a Title VII suit, 42 U.S.C. § 2000 et seq., brought by plaintiff-appellant Terry L. Gibbs. The district court originally denied as moot Mr. Gibbs' motion for leave to object to CFC's statement of costs and ordered Mr. Gibbs to pay $14,289.50 in attorney's fees to CFC pursuant to 42 U.S.C. § 2000e-5(k). See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978) (attorney's fees award available to prevailing Title VII defendant if action "frivolous, unreasonable, or without foundation"). In a prior appeal we found that the motion was not moot and we remanded for a ruling. Gibbs v. Clements Food Company, 949 F.2d 344 (10th Cir.1991). We instructed the court that if it granted the motion it should again determine whether an attorney's fee award was warranted, and if so, to consider Mr. Gibbs' financial status in setting the amount of the award. Id. at 345 (citing, inter alia, Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 621 (9th Cir.1987)). The district court on remand granted the motion, determined that an award was appropriate, and set the amount of the award at $300. Mr. Gibbs now appeals from the $300 award.
 
 
 2
 The district court was not clearly erroneous in finding that Mr. Gibbs' action was without foundation, and the court specifically followed our remand order and considered Mr. Gibbs' financial status in reducing the award to $300. We find no abuse of discretion. See Miller, 827 F.2d at 620.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3