996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry L. GIBBS, Plaintiff-Appellant,
v.
CLEMENTS FOOD COMPANY, Defendant-Appellee.
 No. 93-6014.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Terry L. Gibbs brings this action pro se, appealing the order of the District Court for the District of Oklahoma denying his motion to stay enforcement of the judgment against him. For the reasons stated below, we affirm.
 
 
 3
 On April 3, 1991, the district court granted a motion for summary judgment in favor of Appellee Clements Food Company. Appellee subsequently filed an application for attorneys' fees, and on May 6, 1991, the district court awarded $14,289.50. Appellant appealed both the judgment of April 3, 1991 and the order of May 6, 1991 to the Tenth Circuit Court of Appeals. We affirmed the judgment granting summary judgment in Gibbs v. Clements Food Co., No. 91-6150 (Oct. 23, 1991). On November 14, 1991, we remanded the order of attorneys' fees for reconsideration in Gibbs v. Clements Food Co., 949 F.2d 344 (10th Cir.). The district court determined that a reasonable amount of attorneys' fees would be $300.00, and on February 20, 1992 entered an order to that extent. Appellant appealed the order, and we affirmed in Gibbs v. Clements Food Co., No. 92-6111 (Aug. 7, 1992).
 
 
 4
 Appellant meanwhile had sought relief in the United States Supreme Court from the district court's order of April 3, 1991 granting summary judgment in favor of Appellee and our decision of October 23, 1991 affirming the judgment. The Supreme Court denied Appellant's petition for writ of certiorari on April 20, 1992, and denied his petition for rehearing on October 5, 1992.
 
 
 5
 Appellant filed a motion to stay pursuant to Fed.R.Civ.P. 59 and 60(b), seeking to stay enforcement of the district court's order of April 3, 1991. The district court denied the motion, finding that Appellant had advanced no grounds that warrant relief at that stage of the litigation. It is the denial of this motion which Appellant herein appeals.
 
 
 6
 Appellant contends that under Rule 24, Local Rules of the United States District Court for the Western District of Oklahoma, the district court erroneously denied his motion. Rule 24 states:
 
 
 7
 "In order to insure consideration by the Court before the execution of a judgment or any proceedings to enforce a judgment, any such execution or proceedings are stayed pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, Federal Rules of Civil Procedure, or of a motion for relief from a judgment or order made pursuant to Rule 60...."
 
 
 8
 The district court determined, however, that Appellant's motion pursuant to Rules 60(b) and 59 were not supported by any grounds that warrant relief. We review the district court's ruling on a Rule 60(b) motion under an abuse of discretion standard. White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir.).
 
 
 9
 Appellant appears to be claiming that he is entitled to relief under Fed.R.Civ.P. 60(b)(3), which states:
 
 
 10
 "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party...."
 
 
 11
 Appellant has adduced no facts or allegations supporting a Rule 60(b) motion. Further, Rule 60(b) states that the motion should be made within a reasonable time, and for fraud, as Appellant apparently alleges, the motion should be filed not more than one year after the judgment, order, or proceeding was entered or taken. The district court's judgment was entered April 3, 1991; Appellant made his Rule 60(b) motion on December 8, 1992. The motion is thus untimely in addition to being unwarranted. As to Appellant's allegations under Rule 59, we similarly find no support for the motion and note that the motion must be served not later than ten days after judgment is entered. Fed.R.Civ.P. 59(b), (e). We find that the district court did not abuse its discretion in denying Appellant's motion to stay enforcement of the judgment.
 
 
 12
 Accordingly, the order of the District Court for the District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3