**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 10 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

E. DALE TWILLEY, an individual,

      Plaintiff-Appellant and
      Cross-Appellee,

v.

INTEGRIS BAPTIST MEDICAL
CENTER, INC., an Oklahoma
corporation,

      Defendant-Appellee and
      Cross-Appellant.

Nos. 00-6091
00-6173
00-6196
(D.C. No. 99-CV-458-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO,** and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). These cases are

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff E. Dale Twilley appeals the district court's grant of summary judgment to defendant, his former employer, on his complaint alleging that defendant terminated his employment because of his disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and in retaliation for exercising his rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654. Plaintiff also appeals the district court's award of attorney's fees to defendant; defendant cross-appeals the district court's denial of its full attorney's fee request. We affirm.

## I. ADA and FMLA Claims

The parties are familiar with the facts, which are set out and fully addressed by the district court in its order filed January 25, 2000. We review a grant of summary judgment de novo, applying the same legal standard as used by the district court. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999).

The analytical framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), governs our review of plaintiff's ADA and FMLA claims. *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997). Once plaintiff has established a prima facie case of an ADA discrimination claim or a FMLA retaliation claim, the burden shifts to defendant to offer a legitimate, non-discriminatory or non-retaliatory motive for its employment decision. *Id.* If

-2-

defendant meets that burden, the burden then shifts to plaintiff to show that "there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual--i.e., unworthy of belief." *Id*. (quotation omitted). Pretext can be demonstrated by "showing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Id*. (quotations omitted).

The district court concluded that plaintiff failed to establish the last element in the analysis--namely, an inference that defendant terminated his employment based on his disability or in retaliation for his taking leave under FMLA. Defendant presented evidence that plaintiff was discharged because it had evidence that he altered a medical release form to reflect that he was sick on days that he was actually on vacation.

We have carefully reviewed the parties' briefs and the entire record in the case. There is ample evidence in the record to support defendant's claim that it honestly believed that plaintiff had committed the alteration. We find no evidence in the record that creates a genuine issue of material fact suggesting that defendant's explanation was unworthy of belief. Accordingly, we affirm the district court's grant of summary judgment in favor of defendant.

## II. Attorney's Fee Award

Plaintiff argues the district court erred by awarding defendant attorney's fees under the ADA. On cross-appeal, defendant argues the court erred by reducing its requested fees. The ADA permits the district court, in its discretion, to award the prevailing party "a reasonable attorney's fee, including litigation expenses and costs." 42 U.S.C. § 12205. The Supreme Court held in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), that a prevailing defendant in an action brought under Title VII of the Civil Rights Act of 1964 should ordinarily only recover attorney's fees if the district court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id*. at 421. This standard applies as well to the recovery of attorney's fees by prevailing defendants in ADA actions. *Bruce v. City of Gainesville*, *Ga.*, 177 F.3d 949, 951-52 (11th Cir. 1999).

We review the decision to award attorney's fees, and the amount awarded, for abuse of discretion. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998). Under the abuse of discretion standard, we will not disturb the district court's decision unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quotation omitted). After reviewing the briefs and the record, we cannot

-4-

say that the district court abused its discretion in awarding attorney's fees to defendant.

The standard in *Christiansburg Garment* is met when a party utterly fails to produce *any* evidence in support of material issues necessary to withstand summary judgment. *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995); *Smith v. Smythe-Cramer Co*., 754 F.2d 180, 183 (6th Cir. 1985) ("Courts have awarded attorneys fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate."). We are satisfied from our review of the record that plaintiff failed to produce any evidence that defendant's proffered explanation for the termination was pretextual and we agree that his claims were based on mere speculation and conjecture. Of course, "mere conjecture that [the] employer's explanation is a pretext . . . is an insufficient basis for denial of summary judgment." *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir. 1988). Yet, plaintiff continued to litigate after it became clear during discovery that his claims lacked evidentiary support. Thus, we agree with the district court's finding that plaintiff's claims were frivolous and unfounded. The district court's award does not conflict with the standards

articulated in *Christiansberg Garment,* nor does it exceed the bounds of its permissible choice.

The district court reduced defendant's attorney's fee request from more than $52,796 to $20,000. The court found that the total number of hours billed by defendant's counsel was excessive given that the legal and factual issues were not complex and the litigation was decided at the summary judgment stage. *See Case*, 157 F.3d at 1250 (holding that court must ensure that counsel exercised "billing judgment" and that hours expended were reasonable). The court also took into consideration plaintiff's financial resources and the fact that he suffers from a life-threatening illness. *See Gibbs v. Clements Food Co.*, 949 F.2d 344, 345 (10th Cir. 1991) (holding that non-prevailing civil rights plaintiff's financial condition and resources are relevant to amount of attorney's fees to be awarded to prevailing defendant). We find no error in the district court's reduction of the fee request. *See Case*, 157 F.3d at 1250 (general reduction of attorney's fees to prevailing party not erroneous where sufficient reasons given).

For substantially the reasons stated by the district court in its orders filed January 25, 2000, and May 11, 2001, we AFFIRM.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge