**Rodney Henry RICE, Jr., Plaintiff,**

v.

**VALMONT INDUSTRIES, INC., a foreign corporation, Defendant.**

**Case No. 12–CV–602–GKF–TLW.**

United States District Court, N.D. Oklahoma.

June 17, 2013.

David Ray Blades, Shook & Johnson PLLC, Tulsa, OK, for Plaintiff.

David Eugene Strecker, Jessica Victoria Hunt, Strecker & Assoc., PC, Tulsa, OK, for Defendant.

## *OPINION AND ORDER*

GREGORY K. FRIZZELL, Chief Judge.

Before the court is the Motion for Attorney Fees [Dkt. # 16] of defendant Valmont Industries, Inc. ("Valmont") and the Report and Recommendation of Magistrate Judge T. Lane Wilson [Dkt. # 31] on the motion. Magistrate Judge Wilson recommended that Valmont be awarded $12,586.12 in attorney fees. [Dkt. # 31 at 12]. Plaintiff, Rodney Henry Rice, Jr. ("Rice"), filed an Objection to the Report and Recommendation. [Dkt. # 31].

### I. Standard of Review

The district court must conduct a *de novo* review of the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir.1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 72(b).

A party wishing to object to a magistrate judge's report and recommendation must, within 14 days, file "specific written objections" to the report and recommendation. Fed.R.Civ.P. 72(b)(2). The Tenth Circuit has adopted a "firm waiver rule" which provides that the failure to make timely objections to the magistrate judge's findings or recommendations waives appellate review of both factual and legal questions. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991). The Tenth Circuit has also held that "because only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute .... a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir.1996). Thus, "[a] general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review." *Brooker v. Gould*, 2012 WL 6949023 (D.Colo.2012).

### II. Procedural Background

Rice sued Valmont, his former employer, in Tulsa County District Court on October 28, 2011, alleging Valmont had violated the Oklahoma State Workplace and Drug and Alcohol Testing Act (the "Workplace Act"), 40 O.S. §§ 554, 555, 558 and 563. Valmont removed the case to federal court based on diversity jurisdiction and subsequently filed a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6). [Case No. 11–CV–724–GKF–TLW, Dkt. ## 2, 8]. The court, *sua sponte*, remanded the case to state court because Valmont, in its Notice of Removal, failed to affirmatively allege jurisdictional facts supporting its allegation that the amount in controversy was in excess of $75,000. [*Id.*, Dkt. # 16].

Valmont's motion to dismiss was granted by the state court district judge. Thereafter Rice, with leave of court, filed an

amended petition,[1] and Valmont filed another motion to dismiss. Valmont subsequently removed the case to federal court again on October 26, 2012. In its Notice of Removal, Valmont once again asserted the amount in controversy exceeded $75,000, but supported the assertion with an affidavit from its human resources manager and plaintiff's responses to discovery requests.

The court retained the case and granted Valmont's Motion to Dismiss on October 31, 2012, finding plaintiff had failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Dkt. # 11]. The court stated, in pertinent part:

> Although the Amended Petition makes the conclusory allegation that plaintiff "was aggrieved by the employer's alleged violations of the [Workplace Act], the mostly contradictory and confusing factual allegations fail to identify *how* plaintiff was aggrieved. Plaintiff alleges that he was terminated for "supposedly failing the drug test," the employer did not have a written drug and alcohol [policy], the [testing procedure] was not random, and the employer failed to contract with a properly licensed facility to perform the testing. However, he also alleges the specimen he provided was never tested. At best, the facts alleged in the Amended Petition state a claim for wrongful termination. They do not, however, state a cognizable claim under [the Workplace Act].

Additionally, a private right of action exists only for *willful* violations of [the Workplace Act.] The Amended Petition lacks even a conclusory allegation that the alleged violations of [the Workplace Act] were willful, intentional or made with deliberate disregard for the requirements of [the Workplace Act], nor does it allege facts supporting such a conclusion.

[*Id.* at 3–4].

Subsequently, Valmont filed its motion for attorney fees, citing the Workplace Act, 40 O.S. § 563(B), and 28 U.S.C. § 1447(c).[2] The Magistrate Judge, in his Report and Recommendation, rejected Valmont's argument that it was entitled to attorney fees under 28 U.S.C. § 1447(c). However, he found that attorney fees were awardable under the Workplace Act, which provides that "[r]easonable costs and attorney fees may be awarded to the prevailing party, whether plaintiff or defendant." 40 O.S. § 563(B). He concluded that under § 563(B), the decision of whether to award attorney fees was left "to the sound discretion of the trial court," and that here, an award of attorney fees is proper in light of the procedural history of the case. [Dkt. # 31 at 9].[3]

Although Valmont sought attorney fees for the entire amount accrued as a result of the litigation, at the hearing before the Magistrate Judge, counsel for Valmont agreed to limit Valmont's fee request to those fees incurred after plaintiff amended

---

1. In the hearing before the Magistrate Judge, the parties agreed the state court likely erred in dismissing the claim *and* giving plaintiff an opportunity to amend his petition. [Dkt. # 31 at 2, n. 4].

2. The federal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

3. During the hearing, both parties agreed that a "frivolousness" standard applied to Valmont's fee request under the Workplace Act. Valmont contended Rice's conduct met such a standard. The Magistrate Judge rejected the "frivolousness" standard, though, and found that under Oklahoma law, the decision of whether to award attorney fees is left "to the sound discretion of the trial court." [Dkt. # 31 at 9].

his petition (from July 20, 2012, through October 31, 2012, the date the court dismissed Rice's amended petition). [Dkt. # 27, Minutes of Hearing]. The Magistrate Judge found this period, during which requested fees totaled $13,154.00, to be reasonable. The Magistrate Judge recommended a reduction of 25 percent in three time entries to account for impermissible block billing, for a total recommended attorney fee award to $12,586.12.

In his Objection, Rice argued that Valmont is not entitled to an award of attorney fees, but stipulated he "does not object to the amount of fees as calculated by the court." [Dkt. # 32 at 4].

### III. Analysis

Rice objects to the Magistrate Judge's finding that Valmont is entitled to recover attorney fees under 40 O.S. § 563(B). Although his objection is not a model of clarity, he appears to argue that the magistrate judge erred in applying a "discretion of the court" standard rather than the dual standard applied in civil rights actions such as Title VII, i.e., liberal awards for prevailing plaintiffs and limited awards for prevailing defendants.[4]

Under the Workplace Act, "[r]easonable costs and attorney fees *may* be awarded to the prevailing party, whether plaintiff or defendant." 40 O.S. § 563(B) (emphasis added). The parties agree the statute is permissive rather than mandatory. The issue before the court is what standard should be used to determine whether to award attorney fees. There is no Oklahoma authority directly on point, so the court must predict how the Oklahoma Supreme Court would resolve the issue. *See*

*Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 899 (10th Cir.2006).

Rice argues the Workplace Act is analogous to federal civil rights statutes such as Title VII[5] and, therefore, the court should apply the dual standard.

The dual standard was articulated in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). There, the court acknowledged it was well established that under Title VII that "a prevailing *plaintiff* ordinarily is to be awarded attorney's fees in all but special circumstances." *Id.* at 417, 98 S.Ct. 694. At issue was what standard should apply to attorney fee requests by prevailing defendants. The employer urged application of an identical standard for defendants. Plaintiff argued a prevailing defendant should be awarded fees only in a situation where the plaintiff was motivated by bad faith in bringing the action. The court rejected both positions and staked a middle ground, holding that a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Id.* at 421, 98 S.Ct. 694. In explaining its rationale, the court stated:

> [T]here are at least two strong equitable considerations counseling an attorney's fee award to a prevailing Title VII plaintiff that are wholly absent in the case of a prevailing Title VII defendant."
>
> First, ... the plaintiff is the chosen instrument of Congress to vindicate a policy that Congress considered of the

---

**4.** Valmont asserts Rice has failed to state his objections to the report and recommendation with sufficient specificity and the court should, therefore, deem the objections waived pursuant to Rule 72(b)(2).

**5.** Title VII of the Civil Rights Act of 1964 provides that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000e–5(k).

highest priority. Second, when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law.... [T]hese policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant.

*Id.* at 418–419, 98 S.Ct. 694 (quotations and citations omitted). The court found the legislative history indicated "that while Congress wanted to clear the way for suits to be brought under the Act, it also wanted to protect defendants from burdensome litigation having no legal or factual basis." *Id.* at 420, 98 S.Ct. 694.

However, neither case law nor legislative history supports a conclusion that the Workplace Act is analogous to federal civil rights statutes or that application of a dual standard is appropriate. The Oklahoma Supreme Court, in *Jones v. State of Oklahoma Office of Juvenile Affairs,* 268 P.3d 72, 76 (2011), described the Workplace Act as "a stand-alone, specific and controlling statute." [6] Employer drug testing laws were enacted, said the court, "to balance the employee's constitutional rights and the movement for a drug free workplace," and the Workplace Act "is designed to protect both the rights of the employer and the rights of the employee." *Id.*

Legislative history, too, suggests an intent to treat employers and employees equally with respect to attorney fee applications. The original version of § 563(B), enacted in 1993, provided, "Reasonable costs and attorney fees may be awarded to the prevailing party." The statute was amended in 2011 to state: "Reasonable costs and attorney fees may be awarded to the prevailing party, *whether plaintiff or defendant.*" (emphasis added). The addition of this more explicit language undermines the proposition that the legislature intended a dual standard to apply to attorney fee awards.

■ This court concludes that the dual standard applied in federal civil rights cases should not be applied to a fee request under the Workplace Act. Rather, Oklahoma case law suggests that attorney fees sought pursuant to a permissive statute are subject to the sound discretion of the court. *See Stroud Nat. Bank v. Owens,* 134 P.3d 870, 879–80 (2005) (finding trial court did not abuse its discretion in awarding attorney fees to prevailing defendant under 12 O.S. § 1580, which provides that in an action to recover possession of personal property, the judgment rendered in favor of the prevailing party "may include a reasonable attorney fee to be set by the court").

The history of this case, set forth in the court's order granting Valmont's Motion to Dismiss, supports an award of fees to Valmont. The original petition was dismissed by the state court judge for failure to state a claim. Given the opportunity to fix defects in the original petition, Rice filed an amended petition which was substantively identical to his first petition. It contained conflicting and confusing allegations of

6. In *Jones,* plaintiff, a classified state employee who had been terminated based on an alleged drug policy violation, filed a civil suit against the State of Oklahoma Office of Juvenile Affairs ("OJA") asserting willful violation of the Workplace Act. The trial court granted summary judgment in favor of the employer because plaintiff had not complied with 74 O.S. § 840–6.7, which requires exhaustion of administrative remedies before a discharged classified employee may bring an action in the district court. The court of civil appeals affirmed the decision. The Supreme Court reversed, concluding an the Workplace Act provides an independent cause of action which authorizes a classified state employee to file an action in district court without first exhausting the employee's administrative remedy. *Id.* at 74.

fact, failed to allege an essential element of a claim under the Workplace Act, i.e., a *willful* violation, and failed to allege facts supporting a claim of willful violation.[7] Therefore, the court concludes Valmont is entitled to recover attorney fees incurred after plaintiff amended his petition.

The Report and Recommendation of the Magistrate Judge [Dkt. # 31] is accepted. Valmont's Motion for Attorney Fees [Dkt. # 16] is granted and Valmont is awarded at total of $12,586.12 in attorney fees.

### *REPORT AND RECOMMENDATION*

T. LANE WILSON, United States Magistrate Judge.

Before the undersigned United States Magistrate Judge for a report and recommendation is defendant Valmont Industries, Inc.'s ("Valmont") Motion for Attorney Fees and Brief in Support of Motion. (Dkt. ## 16, 17). Plaintiff filed a response (dkt. # 23), and Valmont filed a reply (dkt. # 25). The undersigned held a hearing on January 8, 2013. (Dkt. # 27). In its motion, Valmont sought attorney fees in the amount of $27,528.00.[1] (Dkt. ## 16, 17).

### PROCEDURAL HISTORY

Plaintiff filed a petition in state court on October 28, 2011, alleging violations of the Oklahoma State Workplace Drug and Alcohol Testing Act, 40 Okla. Stat. § 554 et seq. (the "Workplace Act"). (Dkt. # 2 at 136–37). Valmont, a Delaware corporation doing business in the State of Oklahoma,[2] removed the case to federal court on November 18, 2011, on the basis of diversity jurisdiction.[3] (Dkt. # 2 at 127–28). Shortly after removing the case, Valmont filed a motion to dismiss. (Dkt. # 2 at 174–80). On June 19, 2012, the District Court, *sua sponte*, remanded the case to state court because Valmont had failed to meet its burden to establish that the amount in controversy exceeded $75,000.00. (Dkt. # 2 at 122–24). The motion to dismiss remained pending.

After remand, Valmont asked the state court judge to consider the motion to dismiss. (Dkt. # 17). The state court granted the motion to dismiss but gave plaintiff ten days to file an amended petition.[4] (Dkt. # 2 at 95). Plaintiff filed an amended

---

**7.** The court believes Rice's conduct was sufficiently egregious, under the circumstances, to meet the "frivolousness" standard articulated in *Christiansburg*. *See, i.e., Twilley v. Integris Baptist Medical Center, Inc.*, 16 Fed.Appx. 923, 926 (10th Cir.2001) (unpublished) (affirming trial court's award of attorney fees to prevailing defendant in ADA lawsuit and observing that "[c]ourts have awarded attorneys fees to prevailing defendants where ... the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.") (citing *Smith v. Smythe–Cramer Co.*, 754 F.2d 180, 183 (6th Cir.1985)).

**1.** As discussed *infra*, Valmont revised its request downward during the January 8, 2013 hearing.

**2.** The initial notice of removal states that Valmont is a Delaware corporation. (Dkt. # 2 at 127–28). The second notice of removal states that Valmont is a Nebraska corporation. (Dkt. # 2 at 1). Because plaintiff is located in Oklahoma, diversity jurisdiction is not affected by the discrepancy.

**3.** Valmont claimed that "[p]ursuant to the allegations contained in Plaintiff's Petition, Defendant believes that damages sought may exceed $75,000.00." (Dkt. # 2 at 127). Plaintiff's petition, however, specifically stated that plaintiff was seeking less than $75,000.00. (Dkt. # 2 at 137).

**4.** At the hearing, all parties agreed that the state court likely erred in dismissing the claim *and* giving plaintiff an opportunity to amend his petition. (Dkt. # 27, Hearing on Motion for Attorney Fees, United States Magistrate Judge T. Lane Wilson).

petition on July 20, 2012, that contained almost identical allegations. (Dkt. # 2 at 85–86). Three weeks later, Valmont filed another motion to dismiss, alleging that plaintiff's amended petition still failed to state a cognizable claim for relief. (Dkt. # 6). While the second motion to dismiss was pending, Valmont conducted discovery and found facts that, in conjunction with recent amendments to the Workplace Act, established more than $75,000.00 in damages. (Dkt. # 2 at 1–4). Based on those findings, on October 26, 2012, Valmont removed the case to federal court a second time. (Dkt. # 2).

The District Court retained the case after the second removal and granted Valmont's motion to dismiss on October 31, 2012. (Dkt. # 11). The District Court found that plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* Specifically, the District Court held that the Workplace Act allows recovery only for *willful* violations of the statute and that plaintiff's amended petition only "makes the conclusory allegation that plaintiff 'was aggrieved.'" (Dkt. # 11). The District Court also found that "the mostly contradictory and confusing factual allegations fail to identify *how* plaintiff was aggrieved" and that plaintiff's amended petition "lacks even a conclusory allegation that the alleged violations of [the Workplace Act] were willful, intentional, or made with deliberate disregard for the requirements of [the Workplace Act], nor does it allege facts supporting such a conclusion." *Id.* (emphasis in original).

Following the dismissal, Valmont filed its motion for attorney fees. (Dkt. ## 16, 17).

## VALMONT'S MOTION FOR ATTORNEY FEES

■ Valmont cites two statutes in support of its motion—the Workplace Act and 28 U.S.C. § 1447(c). (Dkt. # 17). The Workplace Act provides that "[r]easonable costs and attorney fees *may* be awarded to the prevailing party, whether plaintiff or defendant." 40 Okla. Stat. § 563(B) (emphasis added). The federal statute addresses costs incurred with orders remanding cases to state court after removal and provides that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). Both statutes are permissive, rather than mandatory, leaving the award of fees to the discretion of the trial court, as evidenced by the use of the word "may." *See Kurtz v. Clark,* 290 P.3d 779 (2012) (holding that the ordinary definition of the word "may," in an attorney fee statute was permissive rather than mandatory). Valmont notes the permissive language but appears to presume entitlement to an award of fees, a presumption that plaintiff disputes. (Dkt. ## 17, 23, 25). Valmont argues tangentially that it should receive fees because it spent over a year litigating the issue of plaintiff's ability to file a proper complaint and because it had to file two notices of removal and two motions to dismiss to resolve the litigation. (Dkt. # 17). Valmont argues that its fees are reasonable and attaches detailed billing invoices to support its request for fees. (Dkt. # 17).

Plaintiff argues that Valmont is not entitled to fees by statute and that the Court, using its discretion, should not grant fees in this case. (Dkt. # 23). Plaintiff acknowledges that no existing case law interprets the Workplace Act, but plaintiff cites what he calls analogous civil rights-based employment case law, which limits the recovery of a prevailing defendant unless the litigation was "frivolous or designed to embarrass the defendant." *Id.* (citing *Hens-*

ley v. Eckerhart, 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Plaintiff also cites to a recent state case, in which the Oklahoma Court of Civil Appeals held that "[w]ith respect to a prevailing defendant, a fee should only be awarded when a plaintiff's 'claim was frivolous, unreasonable, or groundless, or ... the plaintiff continued to litigate after it clearly became so.'" *Goff v. Salazar Roofing & Const., Inc.*, 242 P.3d 604 (2010) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). Plaintiff contends that Valmont has failed to demonstrate that his claim was frivolous or vexatious, in part because Judge Frizzell's order dismissing the case contains no language to support such a finding. (Dkt. # 23).

Alternatively, plaintiff argues that the fee request is not reasonable on a number of grounds, referencing the factors enumerated in *Burk v. City of Oklahoma City*, 598 P.2d 659, 661 (Okla.1979). First, plaintiff stipulates that the rates charged by Mr. Strecker, Ms. Hunt, and Ms. Ridenour are reasonable, but he reserves the right to challenge the reasonableness of the rate charged by Mr. Parkey and Mr. Kilian. (Dkt. # 23 at 4 and n. 1). Plaintiff then challenges a number of entries, contending that they "are vague or indicate duplicative work by numerous attorneys [sic] relatively straightforward legal actions." (Dkt. # 23 at 5). Those objections amount to a $5,168.25 reduction. (Dkt. # 23).

In its reply, Valmont acknowledges that the relevant statutes, namely the Workplace Act are permissive, but it argues that the overarching determination for the court should be " 'to predict how the [Oklahoma] high court would rule' in the absence of Oklahoma law on the relevant issue." (Dkt. # 25 at 2) (quoting *Hamilton v. Water Whole Int'l Corp.*, 302 Fed.

Appx. 789 (10th Cir.2008) (unpublished) (brackets in original)). Valmont contends that the disparate plaintiff/defendant standard in civil rights employment cases is an improper analogy because the Oklahoma Supreme Court, interpreting Workplace Act on other issues, has ruled the Workplace Act to be a "specific statute for a specific and limited circumstance" that protects both "the rights of the employee and the employer when there is employee drug testing." *See Jones v. State of Oklahoma Office of Juvenile Affairs*, 268 P.3d 72, 77, 78 (Okla.2011).

Valmont does not suggest what standard the Court should consider if it rejects the approach plaintiff argues. Instead, Valmont argues that it can also demonstrate that plaintiff's claims were frivolous. Valmont contends that "[p]laintiff was given multiple opportunities in multiple forums to articulate a consistent claim against the[sic] Valmont and was unable to do so." (Dkt. # 25 at 3). Valmont also points to plaintiff's misstated allegation that Valmont had no written drug testing policy and to the fact that neither petition failed to allege a willful violation. (Dkt. # 25 at 3–4). Under these circumstances, Valmont argues, "the defects in the suit are of such magnitude" that plaintiff knew or should have known that his claim had no merit. *Id.* (quoting *Twilley v. Integris Baptist Medical Center, Inc.*, 16 Fed.Appx. 923, 926 (10th Cir.2001) (unpublished)). Valmont contends that plaintiff knew about the defects after the state court granted the first motion to dismiss but failed to remedy them. (Dkt. # 25 at 4). Valmont also contends that Judge Frizzell believed plaintiff's complaint was frivolous, as indicated by the Court's statement that "the Amended Petition lacks even a conclusory allegation that the alleged violations of [the Workplace Act] were willful, intentional or made with deliberate disregard for the requirements of [the Workplace

Act], nor does it allege facts supporting such a conclusion." (Dkt. # 11).

Finally, with respect to the reasonableness of fees, Valmont challenges plaintiff's assertion that the work was duplicative and/or straightforward. Valmont contends that the intense factual and legal analysis required to determine its ability to remove the case to federal court was a novel legal issue. Additionally, Valmont contends that the duplicative services are simply a reflection of the firm's ethical practice of having less experienced attorneys complete the work and submit them to more experienced attorneys for review.

## THE HEARING ON VALMONT'S MOTION

During the hearing on January 8, 2013, both parties agreed that the "frivolousness" standard applied to Valmont's fee request under the Workplace Act. (Dkt. # 27, Hearing on Motion for Attorney Fees). In addition, counsel for Valmont agreed that Valmont was not seeking fees for any period prior to the date on which plaintiff filed his amended petition. *Id.*

## ANALYSIS

 The undersigned first addresses Valmont's argument that it is entitled to attorney fees under 28 U.S.C. § 1447(c) as a result of the removal of this case to federal court. Section 1447(c) is intended to reimburse a party for the costs and expenses of obtaining a remand. The statute provides that "[a]n *order remanding* the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). Valmont's interpretation that it is entitled to fees under Section 1447 as a result of its second removal would turn the statute on its head. Section 1447 is not intended to reward a party for misfiring on an effort to

remove a case to federal court. *This case was remanded in the first instance* because Valmont failed to meet its burden of establishing that the amount in controversy exceeded $75,000.00. (Dkt. # 2 at 122–24). *See Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995). Had it been plaintiff that sought the remand (as opposed to the District Court's *sua sponte* consideration) and had plaintiff incurred fees and costs as a result of the initial removal, the remand order could have required Valmont to pay plaintiff's fees and costs, not the other way around. Accordingly, the undersigned recommends that defendant's request for fees under 28 U.S.C. § 1447(c) be denied.

Valmont next argues that it is entitled to attorney fees under the Workplace Act. The Workplace Act provides that "[r]easonable costs and attorney fees *may* be awarded to the prevailing party, whether plaintiff or defendant." 40 Okla. Stat. § 563(B) (emphasis added). The undersigned could find no existing case that interprets the Workplace Act's attorney fee provision. Plaintiff argues that the Workplace Act is a civil rights statute that requires application of a dual standard: liberal awards of attorney fees for prevailing plaintiffs and limited awards for prevailing defendants. The United States Supreme Court articulated this dual standard in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 415–16, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978):

> It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141. Congress has provided only limited exceptions to this rule "under selected statutes granting or protecting various federal rights." *Id.,* at 260, 95 S.Ct. at

1623. Some of these statutes make fee awards mandatory for prevailing plaintiffs;[FN5] others make awards permissive but limit them to certain parties, usually prevailing plaintiffs.[FN6] But many of the statutes are more flexible, authorizing the award of attorney's fees to either plaintiffs or defendants, and entrusting the effectuation of the statutory policy to the discretion of the district courts.[FN7] Section 706(k) of Title VII of the Civil Rights Act of 1964 falls into this last category, providing as it does that a district court may in its discretion allow an attorney's fee to the prevailing party. The Court went on to explain that civil rights statutes, such as the Americans with Disabilities Act, favor granting attorney fees to a prevailing plaintiff, as a means to encourage attorneys to police unlawful conduct. *See id.* at 416–17, 98 S.Ct. 694. The Court stated that "the plaintiff is the chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority.'" *Christiansburg,* 434 U.S. at 418, 98 S.Ct. 694. An award of attorney fees to a prevailing plaintiff is also an award of fees "against a violator of federal law." *Id.*

When considering prevailing defendants, however, Congress's concern with discretionary award provisions, such as the one in the Americans with Disabilities Act, is only "to deter the bringing of lawsuits without foundation,' 'to discourage frivolous suits,' and 'to diminish the likelihood of unjustified suits being brought.'" *Id.* at 420, 98 S.Ct. 694 (citing "Senate floor discussions of the almost identical attorney's fee provision of Title II"). In light of these policy considerations, the Supreme Court concluded that attorney fees for prevailing defendants should only be awarded when the Court makes "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.*

at 421, 98 S.Ct. 694. Oklahoma, of course, follows Supreme Court precedent on this issue. *See Goff v. Salazar Roofing & Const., Inc.,* 242 P.3d 604 (2010).

However, the Workplace Act is not clearly a civil rights statute, and the statutory history indicates that it is not intended to serve as a civil rights statute that favors a dual-standard for an award of attorney fees. The statute provides that "[r]easonable costs and attorney fees may be awarded to the prevailing party, *whether plaintiff or defendant.*" 40 Okla. Stat. § 563(B) (emphasis added). The original statute, passed in 1993, did not contain the last phrase. When the statute was amended in 2011 (effective November 1, 2011), the legislature added the phrase "whether plaintiff or defendant" without additional limitations, such as those included in civil rights statutes. Additionally, the Oklahoma Supreme Court has indicated that, unlike a civil rights statute, the Workplace Act is intended to provide protection and benefits to both employers and employees. *See Jones,* 268 P.3d at 78 (stating that the statute protects both "the rights of the employee and the employer when there is employee drug testing."). Accordingly, the undersigned concludes that the Oklahoma Supreme Court would not apply the dual-standard advocated in plaintiff's response and agreed to by the parties at the hearing. Rather, the undersigned concludes that the Oklahoma Supreme Court would rely on the plain language of the statute. Thus, an award of attorney fees under the Workplace Act need not be predicated on a finding that plaintiff's claim was frivolous or vexatious.

Rejecting the dual standard, however, does not resolve the issue of what the standard should be. In other cases involving a discretionary award of fees and costs, Oklahoma appears to leave the decision to

the sound discretion of the trial court. For instance, in *Stroud Nat'l Bank v. Owens*, 134 P.3d 870, 879–80 (2005), the Oklahoma Court of Civil Appeals refused to adopt a reading of a discretionary fee statute (related to the recovery of the possession of personal property) that would require the court to weigh "the equities of the case." Instead, the court upheld the trial court's decision to award fees based on the trial court's factual findings. *See id.* at 880.

■ Here, applying the discretionary standard, an award of attorney fees is proper in light of the procedural history of the case. Plaintiff's petition was dismissed in state court, ostensibly for procedural defects. Plaintiff's amended petition was dismissed by the District Court under Federal Rule of Civil Procedure 12(b)(6). The District Court found that plaintiff's amended petition "makes the conclusory allegation that plaintiff 'was aggrieved,'" but "the mostly contradictory and confusing factual allegations fail to identify *how* plaintiff was aggrieved." (Dkt. # 11) (emphasis in original). Additionally, plaintiff's amended petition "lacks even a conclusory allegation that the alleged violations of [the Workplace Act] were willful, intentional, or made with deliberate disregard for the requirements of [the Workplace Act], nor does it allege facts supporting such a conclusion." (Dkt. # 11). In light of the District Court's factual findings, the undersigned finds that Valmont is entitled to attorney fees.

Although Valmont's motion requests attorney fees for the entire amount accrued as a result of the litigation, at the hearing counsel for Valmont agreed to limit Valmont's fee request to those fees incurred after plaintiff amended his petition. (Dkt. # 27, Hearing on Motion for Attorney Fees, Jessica Hunt). The undersigned finds this time period to be reasonable.[5] This limitation results in a fee request in the amount of $13,154.00. For this time period, plaintiff's only objection is that the following time entries are "vague or indicate duplicative work by numerous attorneys [on] relatively straightforward legal actions":

7/23/2012 review amended petition and conference with jvh re options for responding; review discovery requests; conference with jvh re same 1.10 @ 275–$302.50;

7/23/2012 conf. with des re revisions/strategy re amended petition; conf. with jma re renewal of motion; revise request for admissions; draft e-mail to client re amended petition and strategy; conf with des re revisions to request for admissions; e-mail conference with Stacy Dugan re hours worked by Rice for use in request for admissions. 4.20 @ 195–$ 819;

7/26/2012 review draft of renewed motion to dismiss and conference with jvh re same .60 @275–$165;

7/27/2012 revise renewed motion; revise request for admissions; e-conference with des re same. 1.50 @195–$292.50;

7/30/2012 review draft brief and conference with jvh re same .30 @275–$82.50

8/22/2012 review response to admission request .40 @275–$110;

8/23/2012 JVH conf with jaf re need for calculations review for amount in controversy .4 @195–$78;

8/31/2012 conf with jma re process for reply; e-mail conference with John Smith T re strategy; draft motion for leave to reply; e-mail conference with

---

**5.** The time period is July 20, 2012, the date that plaintiff filed his amended petition, through October 31, 2012, the date that the District Court dismissed plaintiff's amended petition. (Dkt. ## 2 at 2, 11).

David Blades re objection to motion for leave; revise motion for leave to reply; draft order re same 1.40 @ 195–$273; 9/7/2012 conf with jvh re reply brief for motion to dismiss; conf with jvh re plaintiff's amendment to petition, answer to admission and defendant's response .80 @215–$172;
9/10/2012 review reply to Plaintiff's response to renewed motion to dismiss and conf with jvh re same. .60 @275–$165; 9/12/2012 conf with jma re OSCN records on Rice .40 @195–$78

(Dkt. # 23 at 5–7).

The undersigned agrees with plaintiff that a number of these time entries are vague. The undersigned reaches this conclusion because a number of the time entries reflect block billing. By way of explanation, "[t]he term 'block billing' refers to the 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'"[6] *Robinson,* 160 F.3d at 1285 n. 9 (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1554 n. 15 (10th Cir.1996)). Attorneys are required to keep "meticulous time records that reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks." *Jane L. v. Bangerter,* 61 F.3d 1505, 1511 (10th Cir.1995) (quoting *Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir.1983)). Block billing "naturally and quite correctly raise[s] suspicions about whether all the work claimed was actually accomplished or whether it was necessary. This concern is particularly important in a situation where a party is seeking to have [its] opponent pay for [its own] lawyer[s'] work." *Robinson,* 160 F.3d at 1284.

Here, each of the time entries identified by plaintiff, except three (August 22 and 23, 2012 and September 12, 2012), include block billing. The undersigned is not able to determine, with respect to any of the block billed time entries how much time was billed to each identified task. However, the total time assigned to the cumulative tasks does not appear unreasonable. Thus, the undersigned recommends a reduction of twenty-five percent (25%) of the block billed entries in order to account for the block billing. This amounts to a reduction of $567.88. Otherwise, the undersigned finds that the time sought by Valmont reflects legal work that was appropriate for this case and was not duplicative. Plaintiff has not objected to the hourly rates assigned to those attorneys who rendered legal services in this case after July 20, 2012, and the undersigned finds those rates reasonable. Thus, the total recommended attorney fee is $12,586.12.

## RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Valmont be granted $12,586.12 in attorney fees.

## OBJECTION

The District Judge assigned to this case will conduct a *de novo* review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his review, the Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must

6. The District Court included a thorough analysis of block billing in its Opinion and Order. (Dkt. # 268 at 20).

do so by February 26, 2013. *See* 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. *See Moore v. United States,* 950 F.2d 656 (10th Cir.1991); and *Talley v. Hesse,* 91 F.3d 1411, 1412–13 (10th Cir.1996).

SUBMITTED this 12th day of February, 2013.